785 So.2d 975 (2001)
STATE of Louisiana, Appellee,
v.
Andy GEORGE, Appellant.
No. 34,621-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
*977 Jack W. Slaid, Indigent Defender Board, Wilson Rambo, Minden, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, GASKINS and KOSTELKA, JJ.
GASKINS, J.
The defendant, Andy George, appeals his conviction for distribution of cocaine and his sentence of 30 years at hard labor, with the first five years to be served without benefit of parole, probation, or suspension of sentence. For the following reasons, we affirm.

FACTS
On November 23, 1998, Michael Wright of the Arcadia Police Department, was working undercover with the Minden Police Department. He accompanied a confidential informant (CI) to make a drug buy. The vehicle, driven by the CI, was equipped with a miniature camera. They drove to a location in Webster Parish and met with the defendant. All three then went together to a location where the defendant retrieved some cocaine and sold it to Officer Wright for $20.00. Laboratory analysis later confirmed that the substance was cocaine. The drug buy was captured on video tape. The defendant was arrested and charged with one count of distribution of cocaine.
The case was tried before a jury on April 26-27, 2000. Officer Wright testified that the defendant was the individual who sold him the drugs and the video tape was played for the jury. The defendant was found guilty as charged. Following the preparation of a presentence investigation (PSI) report, the defendant appeared before the court for sentencing on July 20, 2000. The court recounted the defendant's extremely long criminal history, noting that he had at least eight prior felony convictions. The defendant was then sentenced to serve 30 years at hard labor, with the first five years to be served without benefit of parole, probation, or suspension of sentence. The defendant filed a motion to reconsider the sentence which was denied by the trial court.
The defendant appealed his conviction and sentence, claiming that there was insufficient evidence upon which to base his conviction. He also argued that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing requirements of La.C.Cr.P. art. 894.1. The defendant further contended that he was not given credit for time served.

SUFFICIENCY OF THE EVIDENCE
On appeal, the defendant attacks his conviction, arguing that there was in-sufficient *978 evidence to support the verdict of guilty of distribution of cocaine. Although the record does not reflect that the defendant filed a motion for post-verdict judgment of acquittal, pursuant to La. C.Cr.P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273. We find that the argument is without merit.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hunter, 33,066 (La.App.2d Cir.9/27/00), 768 So.2d 687.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5 § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La. App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
In cases involving a defendant's claim that he was not the person who committed the crime, under Jackson v. Virginia, supra, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Brady, 414 So.2d 364 (La.1982); State v. Baker, 28,152 (La. App.2d Cir.5/8/96), 674 So.2d 1108, writ denied, 96-1909 (La.12/6/96), 684 So.2d 925.
Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12. The trier of fact has great discretion in assessing the credibility of witnesses. State v. Ervin, 32,430 (La. App.2d Cir.9/22/99), 747 So.2d 109, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 342. Absent internal contradictions or irreconcilable conflict with the physical evidence, the testimony of an eyewitness that he or she observed all the elements of the offense, coupled with the identification of the defendant as the culprit, is generally sufficient to support a conviction. State v. Ervin, supra.
To convict the defendant of distribution of cocaine, the state is required to prove that the defendant knowingly and intentionally distributed cocaine. La. R.S. 40:967.

Discussion
At trial, Dan Weaver of the Minden Police Department testified that the department hired Michael Wright of the Arcadia Police Department to work undercover. Officer Weaver installed a miniature camera in the car of a CI. The car and the CI were searched to ensure that no drugs were present. Officer Wright was sent out with the CI to make a drug buy. According to Officer Weaver, the camera was operating the entire time that Officer Wright was riding with the CI.
Officer Wright testified that on November 23, 1998, he worked undercover for the Minden Police Department. He accompanied a CI to a location where he purchased cocaine from the defendant. Officer Wright identified the defendant as the person *979 from whom he purchased the cocaine. The video tape was shown at trial. The tape shows a female CI talking to the defendant. The defendant got into the back seat of the car and directed the CI where to drive. The defendant then got out of the vehicle, met with another subject, and told Officer Wright that the dealer wanted $20.00 for the cocaine. The defendant took the cocaine from the dealer and passed it to Officer Wright. Then Officer Wright paid the defendant $20.00. Officer Wright testified that he wrapped the cocaine in paper and kept it in his front pocket until he returned to the police station.
Randall Robillard of the North Louisiana Crime Laboratory testified that he tested the substance submitted by Detective Weaver and determined that it was cocaine.
The evidence presented is sufficient to support the defendant's conviction beyond a reasonable doubt. The defendant was identified as the person on the video tape who sold a substance to Officer Wright for $20.00. Laboratory analysis confirmed that the substance was cocaine. The evidence is sufficient to show that the defendant knowingly and intentionally distributed cocaine.

EXCESSIVE SENTENCE
The defendant contends that the sentence imposed is excessive. He further urges that the trial court erred in failing to comply with the requirements of La. C.Cr.P. art. 894.1 in imposing sentence. These arguments are without merit.
The test imposed by the reviewing court in determining the excessiveness of sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La. 1988). There is no requirement that specific matters be given any particular weight at sentencing. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979; State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, the court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. The trial judge has broad discretion and a reviewing court may not set sentences aside absent a manifest abuse of discretion.
The trial court ordered a PSI report and considered the facts of the case in imposing sentence. The court discussed the defendant's *980 family background and his limited employment history. The defendant had never married but had a 17-year-old daughter and a 15-year-old son. The defendant admitted using marijuana and cocaine.
The court noted that the defendant continued to deny his participation in the present offense even though his criminal actions were recorded on video tape. The court recognized that the defendant had a significant juvenile record. The court outlined for the record the defendant's extensive adult criminal history, which is documented in the PSI report. In 1973, the defendant was convicted of theft. His probation for that offense was later revoked when the defendant was arrested for another theft charge. That charge was dismissed. In 1975, the defendant was convicted of five counts of simple burglary and ordered to serve four years at hard labor on each count, to run concurrently. The defendant was paroled in 1977. In 1979, the defendant was convicted in Detroit, Michigan, of being a felon in possession of a firearm and of giving false information to obtain the firearm and was given three years probation. In 1982, the defendant pled guilty on two separate occasions to possession of stolen goods and was sentenced to two years. In 1987, the defendant was convicted of simple burglary and sentenced to serve six years at hard labor. He was then paroled in 1990. In 1991, the parole was revoked. The defendant was again paroled in 1993 and his parole was again revoked later that year. The defendant was again paroled in 1994. The defendant also had numerous misdemeanor convictions including battery on a police officer, resisting arrest, shoplifting, and simple burglary of a vehicle. In 1997, the defendant was sentenced to 30 days for simple battery. In 1998, the defendant was convicted of theft and simple battery. At the time of sentencing, the defendant had pending charges from 1999 of aggravated kidnapping, carjacking, and armed robbery, in addition to a distribution of cocaine charge unrelated to the present offense.
The court determined that the defendant had an extensive criminal history, including some crimes of violence and that he had several periods of probation and parole. The defendant was at least an eighth felony offender. The court found that a lesser sentence would deprecate the seriousness of the offense and that the defendant was in need of correctional treatment. There was no aggravation or mitigation for the defendant's criminal conduct in this case. The court remarked on the defendant's unwillingness to accept the consequences of his actions and noted that, "It appears that the only time you're not involved in criminal conduct, at least as it affects the free public, is while you're incarcerated." These factors, outlined in the record, show more than adequate compliance with the sentencing considerations set forth in La.C.Cr.P. art. 894.1.
Further, we do not find that the sentence imposed was excessive. The penalty for distribution of cocaine under La. R.S. 40:967 is imprisonment at hard labor for not less than five years nor more than 30 years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, include a fine of not more than $50,000.00. Although the defendant was ordered to serve the maximum period of incarceration, the defendant has an extensive prior felony record and has spent his entire adult life either committing crimes or serving time in prison. The defendant has demonstrated that he is not capable of leading a law-abiding life.
There is no showing of a manifest abuse of the court's sentencing discretion. Under *981 these circumstances, the sentence is tailored to both the offender and the offense and does not shock the sense of justice or constitute a needless or purposeless imposition of pain and suffering. Therefore, the sentence is not excessive and is affirmed.

CREDIT FOR TIME SERVED
Both the defendant and the prosecution note that, at sentencing, the defendant was not given credit for time served and argue that this should be corrected on appeal. This argument is without merit.
La.C.Cr.P. art. 880 provides that a defendant "shall receive credit" toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The 1997 amendment to this article deletes the provision that "the court ... shall give a defendant credit" for time served. This court has held that the article was amended to eliminate the need for the sentencing court to reference credit for time served and to make such credit self-operating even on a silent record. State v. Ignot, 29,745 (La.App.2d Cir.9/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Andy George.
AFFIRMED.