803 So.2d 167 (2001)
STATE of Louisiana
v.
Leroy CHAMP.
No. 01-KA-434.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, Counsel for Leroy Champ, Defendant-Appellant.
*168 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Alison M. Wallis, (Appellate Counsel), Bradley Burget, (Trial Counsel), Assistant District Attorneys, Gretna, LA, Counsel for the State of Louisiana, Plaintiff-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES A. CANNELLA and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Leroy Champ appeals his sentence of twenty years at hard labor for distribution of cocaine. We affirm, for the reasons that follow.
On November 30, 1999 Leroy Champ was charged by bill of information with two counts of violation of La.R.S. 40:967(A), distribution of cocaine. At arraignment the defendant entered a plea of not guilty on both counts. He filed a motion to suppress photographic identification, which was heard on December 7, 2000, immediately prior to his trial, and was denied. Defendant then was tried by twelve-member jury on Count Two only and was found guilty as charged.
On December 15, 2000, the trial court sentenced the defendant to twenty years of imprisonment at hard labor, the first five years to be served without benefit of probation, parole, or suspension of sentence. On the same day, defendant filed a motion for appeal, which was granted.[1]

FACTS
On August 24, 1999, Narcotics Agent Louise Stone of the Jefferson Parish Sheriff's Office purchased two rocks of crack cocaine from the defendant in Marrero. The sale occurred during a period of time when the Sheriff's Office was responding to citizen complaints of narcotics activity in the area by conducting undercover drug transactions.
On the day in question, Agent Stone was driving an unmarked white van equipped with video recording equipment and an audio transmitter. When she reached the 6200 block of Field Street in Marrero, she stopped the van where two black men were standing and asked for "three twenties," which is street slang for three rocks of crack cocaine. One of the men, who was later identified as Tyrone Jenkins, sold Agent Stone one rock for $20.00. Agent Stone testified that the other man, later identified as Leroy Champ, then sold her two rocks of crack cocaine for $20.00 each.
When Agent Stone returned to the office, she and some other officers watched the videotape of the undercover transaction. One of the officers, Sergeant Joe Williams, recognized the second man in the undercover transaction to be the defendant. Sergeant Williams had known the defendant for approximately ten years.
About two weeks later, Agent Stone positively identified the defendant as the person from whom she purchased two rocks of crack cocaine that day. The defendant was arrested on November 16, 1999.

*169 ASSIGNMENT OF ERROR NUMBER ONE

Whether a twenty-year sentence is excessive.
Defendant's sole assignment on appeal is that his twenty-year sentence for distributing cocaine is excessive. The State responds that the sentence is appropriate, considering the defendant's extensive criminal history.
Initially, we note that the defendant objected to the sentence as excessive when it was imposed, but did not urge any particular basis for the objection, as required by La.C.Cr.P. art. 881.1(A)(2). Nevertheless, this Court has recognized that a statement challenging a sentence as excessive without setting forth specific grounds preserves a review of the sentence for constitutional excessiveness. See State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 581, and cases cited therein. Accordingly, we review the defendant's sentence for constitutional excessiveness.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
The penalty for distributing cocaine is imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of the sentence to be served without benefit of parole, probation, or suspension of sentence; in addition, a fine of not more than fifty thousand dollars may also be imposed. La.R.S. 40:967(B)(4)(b).
At the sentencing, the State submitted the defendant's "rap sheet," which the trial judge apparently reviewed before imposing the sentence. The trial judge stated that the defendant had a "very serious record" with "eight prior convictions," five of which occurred on the same day, plus numerous pending charges. The trial judge then stated he had considered the guidelines in La.C.Cr.P. art. 894.1 and sentenced defendant to twenty years of imprisonment at hard labor, with the first five years to be served without benefits as mandated by the statute.
In support of his argument that this sentence is excessive, defendant asserts that there are no reported cases affirming a twenty-year sentence for distributing a fraction of a gram of cocaine, regardless of criminal past.
Under certain circumstances, courts have set aside sentences for distribution of cocaine as excessive. However, these cases generally involve a defendant with a stable history of employment, a relatively insignificant criminal past, and small amounts of cocaine in the offense. See, e.g., State v. Gordon, 444 So.2d 1188 (La. 1984); State v. Cook, 598 So.2d 423 (La. App. 5 Cir.1992).
On the other hand, comparatively severe sentences have been upheld when the defendant has a serious criminal history. In State v. George, 34,621 (La.App. 2 Cir. 4/4/01), 785 So.2d 975, the court affirmed a thirty-year sentence for a defendant who sold $20 worth of cocaine to an undercover police officer. As in the present case, the judge noted that the defendant had a lengthy criminal history (at least eight prior felony convictions). In affirming the sentence, the court of appeal pointed out that the defendant had "demonstrated that *170 he is not capable of leading a law-abiding life" because the record showed he spent his entire adult life either committing crimes or in prison. Id. at 980. See also, State v. Lucas, 00-258 (La.App. 5 Cir. 8/29/00), 767 So.2d 921; State v. King, 99-860 (La.App. 3 Cir. 2/2/00), 757 So.2d 731, writ denied, 00-704 (La.12/15/00), 777 So.2d 476.
Similar circumstances are present here. With no objection from the defense, the State introduced this 46-year-old defendant's rap sheet, showing prior felony convictions that include receiving stolen things, simple burglary, possession of cocaine, and distribution of cocaine. The defendant's record also is fraught with arrests for a myriad of felonies and misdemeanors between 1972 and 1999.
Under these circumstances, the trial judge did not abuse his discretion by imposing the twenty-year sentence. Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant and prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982). Although the amount of cocaine involved in this case is relatively small (.17 grams), Leroy Champ, like the defendant in State v. George, supra, has demonstrated that he is incapable of refraining from crime. Further, nothing in this record indicates there are the mitigating factors that would compel a lesser sentence, as was the case in Cook and Gordon, supra.
Further, defendant's sentencing exposure was significantly reduced by the State's dismissal of the multiple bill, which had alleged him to be a third felony offender. Had the State successfully proven its allegations at a multiple bill hearing, the defendant would have faced a life sentence as a third felony offender. See La. R.S. 15:529.1(A)(1)(b)(ii). Accordingly, we do not find the defendant's sentence excessive.
We note a patent error in the record that must be corrected. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The trial court failed to advise defendant accurately of the prescriptive period for filing an application for post-conviction relief pursuant to La. C.Cr.P. art. 930.8. At sentencing on December 15, 2000, the trial court told the defendant he had three years from finality of judgment to seek post-conviction relief. An amendment to La.C.Cr.P. art. 930.8, effective August 15, 1999, shortened the prescriptive period from three to two years.
As usual in addressing this type of error, we remand the case to the district court, which hereby is ordered to inform the defendant of the provisions of La. C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this Court's opinion and to file written proof that defendant received the notice in the record. State v. Ellwood, 00-1232 (La.App. 5 Cir. 2/28/01), 783 So.2d 423, 438.
Finally, we note a patent error that needs no correction. The record does not contain the jury's written verdict, which apparently simply was not included in the record. However, "[t]here is no statutory or jurisprudential requirement that a written verdict be included in the record in a criminal case." State v. Clennon, 98-1370 (La.App. 5 Cir. 6/30/99), 738 So.2d 161, 165. Further, an omission from the record is not cause for reversal if that omission is immaterial to a proper determination of the appeal. State v. Brumfield, 96-2667 (La.10/20/98), 737 So.2d 660, 669, cert. denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999). The omission of the written verdict is not *171 material to a proper determination of this appeal, because the jurors were polled in open court and all twelve jurors stated that they had found the defendant guilty as charged.
For the foregoing reasons, the defendant's sentence is affirmed and the matter is remanded for the trial court to provide defendant with proper notification of his rights under La.C.Cr.P. art. 930.8, as noted above.
AFFIRMED AND REMANDED.
NOTES
[1] Shortly after defendant was sentenced on the conviction on Count Two, the State filed a multiple bill that alleged defendant was a third-felony offender. Defendant subsequently pleaded guilty to Count One, however, and the State dismissed the multiple bill. The charge on Count One was reduced to violation of La.R.S. 40:971.1, distribution of a counterfeit controlled dangerous substance, and defendant received a sentence of five years at hard labor, to be served concurrently with that on Count Two. Defendant has not appealed the conviction and sentence on Count One.