812 So.2d 770 (2002)
STATE of Louisiana
v.
Michael DILLON.
No. 01-KA-906.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*771 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Michael Dillon, Defendant-Appellant.
*772 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Assistant District AttorneysAppellate Counsel, Lisa B. Schneider, Assistant District AttorneyTrial Counsel, Gretna, LA, for State of Louisiana, Plaintiff-Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
On January 23, 2001, the Jefferson Parish District Attorney's Office filed a bill of information charging the defendant, Michael Dillon, with five counts of distribution of cocaine, in violation of LSA-R.S. 40:967A. The next day, defendant was arraigned and pled not guilty. On March 7, 2001, trial was held and the jury found the defendant guilty as charged on all five counts. On March 15, 2001, the defendant was sentenced to twenty years at hard labor on each count, to be served consecutively, with the first five years being without benefit of probation, parole, or suspension of sentence. That same day, the State filed a multiple offender bill of information and the defendant denied the allegations of the multiple bill.
On April 4, 2001, the State presented evidence in support of the multiple offender bill of information and the trial judge found that the defendant was a third felony offender with one violent predicate offense. That day, the trial court vacated the defendant's sentence on count five and imposed an enhanced sentence of life imprisonment without benefit of parole, probation, or suspension of sentence, to be served consecutively to the original sentences for counts one through four. Defendant filed a timely motion for appeal.

FACTS
In March of 2000, the Jefferson Parish Sheriffs Office ("JPSO") Narcotics Division began an undercover narcotics operation in response to citizen complaints that an individual was selling illegal narcotics in the Avondale area. One of the coordinating officers, Lisa Fleming testified that, on March 13, 2000, she provided an undercover agent with currency to purchase narcotics and a vehicle equipped with audio and video equipment to record that purchase.
That same day, the undercover agent purchased two rocks of crack cocaine from a man who identified himself as "Michael Dillon." The transaction was recorded on videotape. On March 16, 2000, the undercover agent identified the defendant in a photographic line-up.
On April 4, 2000, another undercover agent purchased two rocks of cocaine from the defendant. The transaction was recorded on videotape. The second undercover agent also identified the defendant in a photographic line-up.
On April 5, 2000 and April 17, 2000, the first undercover agent again purchased two rocks of crack cocaine from the defendant. Both of these transactions were also recorded on videotape. On June 13, 2000, the second undercover agent again purchased two rocks of cocaine from the defendant. This transaction was also videotaped.
At trial, all five videotapes were played for the jury. Further, the parties stipulated that the substances acquired from all five transactions tested positive for cocaine. Finally, at trial, both undercover agents identified the defendant as the person from whom they purchased crack cocaine.

DISCUSSION
In brief, the defendant argues that his life sentence, imposed consecutively to his four twenty-year sentences, is excessive, considering the small amount of drugs that he sold. First, we note that the record *773 shows no evidence that defendant filed a written motion to reconsider sentence pursuant to La.C.Cr.P. art. 881.1.[1] Further, although defendant made an oral objection at his enhanced sentencing, his objection was not specific enough to satisfy the requirements of the article.[2] Defendant did not specifically object to the imposition of the consecutive sentences or the excessiveness of his life sentence. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Curtis, 97-769 (La. App. 5 Cir. 2/11/98), 707 So.2d 1328, 1329-1330. Accordingly, our review is limited to the constitutional excessiveness of defendant's sentences.
The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. State v. Wickem, 99-1261 (La. App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. Id. The sentence imposed will not be set aside as excessive absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. Id.
Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id., at 64.
First, we consider the constitutional excessiveness of the twenty-year sentence imposed for each of defendant's five convictions for distribution of cocaine. The penalty for distribution of cocaine is imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of the sentence to be served without benefit of parole, probation, or suspension of sentence. In addition, the trial judge may impose a fine of not more than fifty thousand dollars on each count. La. R.S. 40:967(B)(4)(b).
In support of his argument that his sentences are excessive, defendant asserts that he "was convicted for selling small amounts of a controlled substance to persons he believed to be drug users" and he is not a "big time dope dealer."
In State v. George, 34,621 (La.App. 2 Cir. 4/4/01), 785 So.2d 975, the court affirmed a thirty-year sentence for a defendant who sold $20 worth of cocaine to an undercover police officer. As in the present case, the judge noted that the defendant had a lengthy criminal history. In affirming the sentence, the court of appeal pointed out that the defendant had "demonstrated *774 that he is not capable of leading a law-abiding life" because the record showed he spent his entire adult life either committing crimes or in prison. Id. at 980.
Similar circumstances are present here. The record shows that the defendant has prior felony convictions for issuing worthless checks and simple robbery. Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant and prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982). The defendant in the instant case received two-thirds of the maximum sentence for each of his convictions. In light of the defendant's past record, the twenty-year sentence for each count does not appear to violate the trial court's vast sentencing discretion.
With respect to the imposition of consecutive sentences, La C.Cr.P. 883 states in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
In the present case, defendant's convictions result from five separate sales to two different undercover agents occurring over a three month period. Based upon these factors, the five sales are clearly acts sufficiently separate and distinct to justify consecutive sentences. State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1278-1279.
Finally, we consider the constitutional excessiveness of defendant's life sentence as a third-felony offender. Louisiana's Habitual Offender Law, LSA-R.S. 15:529.1, provides in part:
(A) (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
. . . .
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
. . . .
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The Louisiana Supreme Court has repeatedly upheld the constitutionality of the Habitual Offender Law, and accordingly, the minimum sentences it imposes are likewise presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La. 1993).
A sentencing judge must always start with the presumption that a mandatory sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality. In order to rebut the *775 presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, that is, that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Downward departures from the minimum sentence under the Habitual Offender Law should occur only in rare situations. State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339, 343, 345; State v. Johnson, supra; State v. Dorthey, supra.
In addition, the trial judge must keep in mind the goals of the statute, which are to deter and punish recidivism, that the sentencing court's role is not to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders, but rather to determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana's constitution. State v. Lindsey, supra at 343.
At the multiple offender hearing, the State presented evidence that, on May 5, 1990, the defendant pled guilty in case number 90-409 in Division "F" of the Twenty-Fourth Judicial District Court to attempted simple robbery for an offense that occurred on December 31, 1989. The State also presented evidence that, on April 3, 2000, the defendant pled guilty in case number 99-8039 in Division "H" of the Twenty-Fourth Judicial District Court to issuing worthless checks totaling $207.68 on February 28, 1999.
Further, Lieutenant Patricia Adams of the Jefferson Parish Sheriffs Office, an expert in latent fingerprint analysis and comparison, testified that the fingerprints from a Boykin form as to case number 90-409 and case number 99-8039 were the same as the defendant. The trial court held that the State presented sufficient evidence that the defendant convicted of five counts of distribution of cocaine was the same person who pled guilty in case number 90-409 and 99-8039 and found that the defendant was a third-time felony offender.
In this case, the defendant has one predicate conviction, attempted simple robbery, which is considered a crime of violence. La. R.S. 14:2(13)(y). Further, the defendant's underlying conviction was for distribution of cocaine in violation of the Uniform Controlled Dangerous Substances Law. Under La. R.S. 15:529.1(A)(1)(b)(ii), the mandatory minimum sentence that the trial judge could have imposed was life imprisonment without benefit of probation, parole, or suspension of sentence.
In State v. Lindsey, supra, the defendant was found to be a fourth felony offender and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Id. at 341. His underlying felony was simple robbery, a statutorily-defined crime of violence. Id. at 344. His three predicate offenses were felonies but not enumerated as crimes of violence. Id. at 344. In affirming the defendant's conviction and mandatory life sentence, the Lindsey court noted:
In fact, he is exactly the type of offender that the Habitual Offender Statute intends to punish so severely. He is sentenced to life imprisonment because he continues to commit felony after felony. The fact that his last felony was the only violent crime against a person is not an "unusual circumstance" that would support a downward departure. A person with three prior non-violent felony convictions who then proceeds to commit a felony involving violence against a person has shown that his criminal conduct is becoming worse. *776 The goals of the Habitual Offender Statute, to deter and punish recidivism, are satisfied by imposing a life sentence against such a person.
State v. Lindsey, 770 So.2d at 344.
In this case, defendant's underlying conviction was distribution of cocaine. His predicate offenses were issuing worthless checks and attempted simple robbery, which is a statutorily-defined crime of violence. As in Lindsey, defendant has continued to commit felony after felony and, as in Lindsey, he is exactly the type of offender that the Habitual Offender Statute intends to punish so severely. We find that the defendant's contention that he was not a "big time dope dealer" is not such an unusual circumstance that would warrant a downward departure from the mandatory minimum sentence of life imprisonment. Lindsey, supra. For these reasons, we find that the trial court did not abuse its wide discretion in imposing the mandatory minimum sentence on the defendant and that sentence was not excessive.
In his second assignment of error, the defendant asks for review of the record for errors patent. Our review indicates that, at the multiple offender sentencing, the trial court did not inform the defendant of the two-year period in which to file an application for post-conviction relief. La.C.Cr.P. art. 930.8 provides that a court shall not consider an application for post-conviction relief, including applications which seek an out-of-time appeal, if the application is filed more than two years after the judgment of the conviction and sentence has become final. Therefore, we remand to the district court with instructions to inform the defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.
AFFIRMED; REMANDED.
NOTES
[1] LSA-C.Cr.P. art. 881.1 provides in pertinent part:

D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
[2] After the trial judge imposed the enhanced sentence, defense counsel simply stated, "Your Honor, we would object to the sentence."