FREDERICKA HOMBERG WICKER, Judge.
^Defendant appeals his conviction for possession of cocaine in violation of La. R.S. 40:967(C). We affirm.

Procedural Background

On August 1, 2011, the St. Charles Parish District Attorney’s Office charged defendant, Anthony Kenner, with possession of cocaine in violation of La. R.S. JO^TIC).[1] Defendant was arraigned and pled not guilty. The matter proceeded to trial and a six-person jury returned a unanimous verdict of guilty as charged.
On August 5, 2011, defendant filed a Motion for Post-Verdict Judgment of Acquittal and/or Motion for New Trial. On August 23, 2011, the state filed a multiple offender bill of information alleging defendant to be a third felony offender. On September 14, 2011, the trial court heard and denied defendant’s |smotion and adjudicated defendant a triple felony offender. Defendant waived sentencing delays and the trial court sentenced him to five years at hard labor with credit for time served. On September 20, 2011, the trial court granted defendant’s motion for appeal.

Factual Background

In November of 2009, a confidential informant advised Detective David Ehrmann of the St. Charles Parish Sheriffs Office that defendant was distributing quantities of crack cocaine from various locations, including his residence at 1120 Kinler Street in Luling. Pursuant to this information, Ehrmann — with the assistance of the confidential informant — conducted two successful controlled narcotics purchases from defendant at 1120 Kinler Street. Field tests on the narcotics obtained from both purchases yielded positive results for the presence of cocaine.
Pursuant to the results of the investigation, Ehrmann obtained a search warrant for 1120 Kinler Street. In the early morning hours of December 9, 2009, Ehrmann, along with other officers, executed the warrant. Upon entering the residence, defendant and a female, later identified as Ms. Toriana Ingram, were located in the *1087 master bedroom. The occupants were detained as the officers conducted the search.[2] The officers discovered cocaine in the second drawer of a nightstand in the master bedroom and inside a microwave in the kitchen.

Assignment of Error

In his sole assignment of error, defendant claims that the evidence presented at trial was insufficient to support his conviction for possession of cocaine. Specifically, defendant asserts that the state failed to prove that he knowingly and intentionally possessed the cocaine as required under La. R.S. 40:967(C). Further, ¡^defendant challenges the chain of custody form, arguing that the inconsistent descriptions of the cocaine substance seized demonstrates that the state failed to prove the cocaine removed from the home is in fact the same cocaine tested and introduced at trial.
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence presented at trial, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); and State v. Mickel, 09-953, p. 4 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885. An appellate court’s primary function is not to determine the defendant’s guilt or innocence in accordance with its appreciation of the facts and credibility of the witnesses. Rather, our function is to review the evidence in the light most favorable to the prosecution and determine whether there is sufficient evidence to support the jury’s conclusion. State v. Banford, 94-883 (La.App. 5 Cir. 3/15/95), 653 So.2d 671. Evidence may be direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common experience. State v. Williams, 05-59, p. 5 (La.App. 5 Cir. 5/31/05), 904 So.2d 830, 833.
To support a conviction for possession of cocaine under La. R.S. 40:967(C), the state must prove beyond a reasonable doubt that defendant was in possession of the cocaine and. that he knowingly possessed it. State v. Ruffin, 96-226 (La.App. 5 Cir. 8/28/96), 680 So.2d 85. The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the |ssubstance. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Id. In determining whether a defendant exercised dominion and control sufficient to constitute constructive possession, courts have considered the following factors: (1) his knowledge that drugs were in the area, (2) his relationship with the person found to be in actual possession, (3) his access to the area where the drugs were found, (4) evidence of recent drug use, and (5) his physical proximity to the drugs. State v. Robinson, 11-12, p. 12 (La.App. 5 Cir. 12/29/11), 87 So.3d 881, 893.
The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession. However, proximity to the drug may establish a prima facie case of possession when *1088 colored by other evidence. State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464 and State v. Walker, 03-188 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, 65 writ denied, 2003-2343 (La.2/6/04), 865 So.2d 738. Determination of whether there is sufficient evidence of constructive possession to support a conviction depends on the specific facts of each case.
In this case, the evidence presented at trial supports the jury’s conclusion that defendant did have constructive possession of the cocaine seized. At trial, to demonstrate defendant’s use of the master bedroom and nightstand, the state introduced evidence that the nightstand in the master bedroom contained a folder labeled “Family Security Plan” in the name of defendant and Ms. Ingram. The state also presented the testimony of Detective David Ehrmann with the St. Charles Parish Sheriffs Office. Ehrmann testified that officers executing the search in the early morning hours of December 9, 2009, found defendant and Ms. Ingram together in the master bedroom. Ehrmann further testified that, “all evidence | (¡indicated it (the master bedroom) belonged to Mr. Anthony Ken-ner and Ms. Toriana Ingram.” Ehrmann also testified that, at the time of the search, defendant resided at 1120 Kinler Drive and had access to the kitchen area in the home.
The state offered Ehrmann’s testimony with no objection from defense counsel. No testimony or evidence was presented by the defense after the state rested its case. Therefore, defendant presented nothing to the jury to contradict Ehrm-ann’s testimony that defendant resided at 1120 Kinler Street with Ms. Ingram — with whom he established a “Family Security Plan” — or that defendant had access to the master bedroom and kitchen area of his home where officers seized the cocaine.
A jury may accept or reject, in whole or in part, any witness’s testimony. State v. Watson, 08-214, p. 9 (La.App. 5 Cir. 8/19/08), 993 So.2d 779, 785. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. Id. We find that the evidence and testimony presented at trial supports a finding by the jury that defendant resided with Ms. Ingram at 1120 Kinler Street and had access and control over the master bedroom nightstand and kitchen microwave that contained the cocaine seized.
Defendant also argues that the evidence is insufficient to support his conviction because the chain of custody form contains inconsistent descriptions of the cocaine seized and does not establish that the cocaine seized from the home is in fact the same cocaine admitted at trial. Identification of evidence can be accomplished through a chain of custody, by tracing the object from the time it was seized to the time it was offered in evidence. State v. Cosey, 97-2020 (La.11/28/00), 779 So.2d 675, 678, cert. denied, 533 U.S. 907, 121 S.Ct. 2252, 150 L.Ed.2d 239 (2001) and State v. Arita, 04-39 (La.App. 5 Cir. 3/1/05), 900 So.2d 37, 43. This Court has previously held that “[t]he evidence as to custody need not |7eliminate all possibilities that an object has been altered. It is sufficient if the evidence shows it is more likely than not that the object is one connected with the case. Once a proper foundation has been laid with regard to a piece of evidence, a lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than the admissibility. Ultimately, a chain of custody is a factual matter for determination by the jury.” State v. Housley, 05-502 (La.App. 5 Cir. 1/31/06), 922 So.2d 659, 665 *1089 writ denied, 2006-1183 (La.11/17/06), 942 So.2d 531.
In this case, the state presented testimony regarding the chain of custody. Captain Bill Slaton, an evidence technician with the St. Charles Parish Sheriffs Office, testified that the chain of custody introduced at trial is complete. Sergeant Kevin Hollingsworth, an evidence custodian with the St. Charles Parish Sheriffs Office, also testified that he is able to review the chain of custody and track where the evidence was at all times. Additionally, Ms. Marcelle Folse, a forensic scientist with the Jefferson Parish Sheriffs Office Crime Lab and an expert in the field of chemical analysis of controlled dangerous substances, testified that the substances recovered from the nightstand and the microwave both contained cocaine.
Ultimately, a chain of custody is a factual matter for determination by the jury. State v. Housley, 05-502 (La.App. 5 Cir. 1/31/06), 922 So.2d 659, 665 writ denied, 2006-1183 (La.11/17/06), 942 So.2d 531. The jury heard the testimony of these witnesses, made a credibility determination, and concluded that the chain of custody established that the items seized from the house and the items submitted at trial are the same and contain cocaine. We find the evidence and testimony presented at trial sufficient to support the jury’s verdict.
| ⅜Errors Patent
This Court routinely reviews the record before us for errors patent in accordance with La. C. Cr. P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975), regardless of whether the defendant makes such a request. A review of the record reveals the following errors patent:
The trial judge failed to properly advise defendant of the prescriptive periods within which he must apply for post-conviction relief. Although the commitment reflects defendant was informed of the time delays, the transcript indicates that the trial judge never informed defendant of the time period within which he must apply for post-conviction relief.[3] Accordingly, we hereby advise defendant that, pursuant to La.C.Cr.P. art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. art. 914 or 922. See State v. Ramsey, 10-333 (La.App. 5 Cir. 1/25/11), 60 So.3d 36, 42.
Additionally, the jury’s written verdict form is not included in this record. However, there is no statutory or jurisprudential requirement that a written verdict be included in the record in a criminal case. State v. Champ, 01-434, p. 7 (La.App. 5 Cir. 11/27/01), 803 So.2d 167, 170. An omission from the record is not cause for reversal if that omission is immaterial to a proper determination of the appeal. Id. The transcript and minute entry contained in this record reflect that the six jurors were polled in open court and all six jurors stated they found defendant guilty as charged. Therefore, we find the omission of the written verdict is not material to a proper determination of this appeal and that this error does not require corrective action.
| ^Conclusion
We find the evidence presented at trial is sufficient to support defendant’s convic *1090 tion. Therefore, defendant’s conviction for possession of cocaine in violation of La. R.S. 40:967(C) is affirmed.

AFFIRMED

. The original bill of information, filed on January 22, 2010, charged defendant with one count of possession of a firearm while in possession of cocaine in violation of La. R.S. 14:95(E)1 (count one) and one count of possession with intent to distribute counterfeit cocaine in violation of La. R.S. 40:967(A)(2) (count two). On January 26, 2010, defendant was arraigned and pled not guilty. The state subsequently dismissed count one and on August 1, 2011, the state amended count two, charging defendant with the instant offense— possession of cocaine in violation of La. R.S. 40:967(C).

. Three minors were also in the home and detained during the search.

. The transcript also reflects that the trial judge never informed defendant of the time period within which he must seek an appeal. However, this error is moot because defendant did in fact timely file the instant appeal.