738 So.2d 161 (1999)
STATE of Louisiana
v.
Michael CLENNON.
No. 98-KA-1370.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1999.
*162 Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry M. Boudreaux, Thomas S. Block, Assistant District Attorneys, Gretna, Attorneys for Appellee.
Frank Sloan, Louisiana Appellate Project, Covington, Attorney for Appellant.
Panel composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant/appellant Michael Clennon appeals the judgment of the trial court finding him guilty of two counts of armed robbery in violation of LSA-R.S. 14:64. For the following reasons, we affirm.
The crime in question occurred on the evening of February 10, 1997 at Darlene's Seafood Restaurant in Kenner. The only occupants of the restaurant at that time were the owner, his family and one customer. At approximately 8:00 p.m., a black male wearing a hooded sweatshirt and black jeans entered the restaurant and ordered a soft drink. He then asked Kenyatta Ford to direct him to the restroom. As she attempted to point him to the restroom, the robber drew a gun from his waistband and pointed it at the head of Alonzo Ford, demanding everyone to give up their money. At this point, Kenyatta Ford fled the premises and went next door to call the police.
The robber seized $25.00 in cash from the wallet of Hattie Butler, the owner's fiancee. He then ordered Mr. Johnson, the restaurant patron, to hand over his cash. Mr. Johnson gave the robber the *163 $18.00 that he had on his person. The robber then ordered everyone into the back room of the restaurant. As they attempted to comply with his demand, the robber fled the restaurant and was pursued by Alonzo Ford.
Officers of the Kenner Police Department arrived on the scene shortly after the robbery. They were pointed in the direction which the robber had fled and they gave chase.
The defendant was arrested by the police when he was found hiding next to a lumber yard near the restaurant. He fit the description of the robber that was given to the police by the victims at the restaurant. Furthermore, Hattie Butler's wallet was found in the area where the defendant was apprehended. The defendant was then held for identification.
Each of the victims was taken individually to the scene of the arrest. They each positively identified the defendant as the same person who had held them at gunpoint a short time earlier in the restaurant. The defendant was arrested and charged with three counts of armed robbery and one count of being a felon in possession of a firearm.
The defendant was arraigned on March 13, 1997 and pled not guilty to the four counts charged against him. He filed various pre-trial motions, including a motion to suppress out-of-court identification. The motion to suppress was denied on November 7, 1997.
On December 2, 1997, a twelve person jury was empaneled and the defendant was tried on Count 1 and Count 3 of the bill of information. The trial was held in front of the Honorable Robert J. Pitre of the Twenty-Fourth Judicial District Court. After hearing the testimony and evidence presented to the court, the jury deliberated and returned with a verdict of guilty as charged to two counts of armed robbery in violation of LSA-R.S. 14:64.
On February 27, 1998, the trial court sentenced the defendant to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence on each count. The sentences were ordered to run concurrently. The State then filed a multiple bill of information, alleging that the defendant was a second felony offender.
On December 11, 1998, the trial court found the defendant guilty as a second felony offender under LSA-R.S. 15:529.1. The trial court vacated the defendant's sentence on one count and re-sentenced him to an enhanced sentence of fifty years at hard labor without benefit of probation or suspension of sentence. The defendant has appealed his conviction, and the matter is now before this Court for review.

LAW AND ANALYSIS
The defendant alleges two assignments of error on appeal. In his first assignment of error, the defendant alleges that the trial court erred in denying his motion to suppress out-of-court identification. In his second assignment of error, the defendant alleges that the trial court erred by failing to advise him of the prescriptive period for filing for post-conviction relief. The defendant's first assignment of error is without merit and the judgment of the trial court must be affirmed. The defendant's second assignment of error is reviewed as an error patent and will be addressed accordingly by this Court.
In his first assignment of error, the defendant alleges that the trial court erred in denying his motion to suppress out-of-court identification. A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. LSA-C.Cr.P. art. 703(A). The defendant alleges that the one-on-one identification procedure used by the police was suggestive and the conviction should therefore be reversed.
A trial court's determination of the admissibility of an identification should be accorded great weight and will not be disturbed *164 on appeal unless the evidence reveals an abuse of discretion. State v. Johnson, 94-1561 (La.App. 1st Cir. 10/6/95), 664 So.2d 141; writ denied, 95-2988 (La.3/15/96), 669 So.2d 426.
Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. State v. Hubbard, 97-916 (La.App. 5th Cir. 1/27/98), 708 So.2d 1099; writ denied, 98-0643 (La.8/28/98), 723 So.2d 415; State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440; writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, 97-1255 (La.10/13/97), 703 So.2d 612. A defendant challenging an identification must prove that it was suggestive. LSA-C.Cr.P. art. 703(D); State v. Hubbard, supra; State v. Nguyen, 95-1055 (La.App. 5th Cir. 3/26/96), 672 So.2d 988; writ denied, 96-1019 (La.10/4/96), 679 So.2d 1377 and 96-2087 (La.10/7/96), 680 So.2d 639. Even if an identification procedure is suggestive, it is the likelihood of misidentification, not the mere existence of suggestiveness, which violates due process. State v. Hubbard, supra; State v. Culpepper, 434 So.2d 76 (La.App. 5th Cir.1982).
The factors to be considered in assessing the reliability of an identification include opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the prior description of the criminal, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); State v. Winfrey, 97-427 (La.App. 5th Cir. 10/28/97), 703 So.2d 63; writ denied, 98-0264 (La.6/19/98), 719 So.2d 481.
In evaluating the defendant's argument, this Court may consider all pertinent evidence adduced at trial as well as at the hearing on the motion to suppress the identification. State v. Davis, 98-365 (La. App. 5th Cir. 1/26/99), 726 So.2d 500; State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116; cert. denied, 519 U.S. 934, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996). The testimony by the eyewitnesses supports the trial court's ruling.
The witnesses were taken one by one in a police car to view the defendant. Generally, one-on-one identifications are not favored. However, this type of confrontation between suspect and victim is permissible when justified by the overall circumstances; particularly when the accused is apprehended within a relatively short period of time after the occurrence of the crime and has been returned to the scene. State v. Hubbard, supra; State v. Winfrey, supra. This method of identification has been upheld because prompt confrontation between the defendant and the victim promotes fairness by ensuring the reliability of the identification and the expeditious release of innocent suspects. Id.
In the case of State v. Valentine, 570 So.2d 533 (La.App. 4th Cir.1990), the defendant was apprehended near the scene of the robbery and taken back to the scene within thirty minutes to an hour of the robbery. Id. at 537. The witnesses separately went to the police car to view the defendant. Id. Although one witness identified the defendant based mainly upon the distinctive shirt he wore, the other witness saw the defendant outside the restaurant just prior to the robbery dressed in the same manner as the robber. Id. The court held that the identification procedure was not suggestive and that the trial court did not err in denying the motion to suppress identification. Id. at 538.
In the present case before the bar, the defendant was located a mere twenty to thirty minutes after the robberies. Each of the witnesses were taken separately to the police car where the defendant was held and asked to make an identification. Each witness positively identified the defendant as the robber. Given the nearness in time between the robberies and the one-on-one *165 identifications, as well as the fact that the identifications were made in close proximity to the scene of the crimes, the procedure used can be considered reliable. The witnesses all positively identified defendant in court. The in-court identifications were supported by the witnesses' testimony that they were able to clearly observe the robber's appearance during the incident.
There was little likelihood of misidentification in this case. Each witness displayed certainty when making their identifications. The assignment of error is without merit and the judgment of the trial court must be affirmed.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). Three patent errors have been reviewed by this Court.
The first patent error in the record is that it does not contain the jury's written verdict. It appears the verdict sheet was simply lost along with certain missing minute entries. There is no statutory or jurisprudential requirement that a written verdict be included in the record in a criminal case. The Louisiana Supreme Court has held that an omission from the record is not cause for reversal if that omission is inconsequential to a proper determination of the appeal. State v. Brumfield, 96-2667 (La.10/20/98), 737 So.2d 660; cert. denied, ___ U.S. ___, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999). The trial transcript adequately indicates that the jury returned a verdict of guilty as charged on both counts. The jurors were polled in writing, and the trial judge stated he was satisfied that the verdicts were proper. The jury's intentions are made clear in the record. The defendant does not allege any errors in the jury's verdict. No corrective action is required.
The second patent error in the record is that the trial court erred in failing to specify which of defendant's two sentences it intended to enhance pursuant to the habitual offender bill. The amended commitment also fails to indicate which of defendant's sentences was enhanced. Because defendant's two convictions arose from a single criminal episode, only one could be enhanced. State ex rel. Porter v. Butler, 573 So.2d 1106, 1108 (La.1991). It is the opinion of this Court that the we must vacate the habitual offender sentence and remand the case to the trial court for re-sentencing, with the instruction that the trial court specify which of defendant's two sentences are to be enhanced. See State v. Stack, 97-1176, (La.App. 5th Cir. 4/15/98), 710 So.2d 841, 845. Furthermore, in reference to the sentencing, this Court notes that the amended commitment incorrectly states that the defendant was convicted on Count 1 and Count 2 of the bill of information rather than the correct Count 1 and Count 3. This must be corrected upon re-sentencing.
Finally, LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post-conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The record reflects that the trial court in this case did not so inform defendant. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court's opinion, then file written proof in the record that defendant had received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
In summary, it is the opinion of this Court that the trial court did not err in denying the defendant's motion to suppress out-of-court identification. The identification procedure was not suggestive and the trial court did not abuse its discretion. However, the case must be remanded to the trial court for re-sentencing to *166 clarify the enhanced sentence given pursuant to the habitual offender bill of information.
AFFIRMED AND REMANDED FOR RE-SENTENCING.