771 So.2d 874 (2000)
STATE of Louisiana
v.
Shelton CUMMINGS.
No. 99 KA 3000.
Court of Appeal of Louisiana, First Circuit.
November 3, 2000.
*875 Monisa L. Thompson, Baton Rouge, for Plaintiff-Appellee State of Louisiana.
Gwen Brown, Baton Rouge, for Defendant-Appellant Shelton Cummings.
BEFORE: LeBLANC, KUHN, and BOLIN,[1] JJ.
BOLIN, Judge Pro Tem.
Defendant, Shelton Cummings, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty. After a trial, the jury returned the verdict of guilty as charged. The trial court sentenced defendant to the mandatory term of life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. Defendant appealed, challenging the sufficiency of the evidence to support the conviction.

FACTS
In the early morning hours of October 30, 1998, the victim drove to Cezanne Street in Baton Rouge to purchase crack cocaine. John Johnson began walking toward the victim's truck when he saw it drive into the area; he intended to sell the victim illegal drugs. However, when Johnson noticed that defendant was also walking toward the truck and would reach the truck first, he turned to leave. He could not hear the conversation between the men. Defendant approached the driver's side window of the victim's pickup truck and handed the victim a rocklike substance purporting to be crack cocaine, but which was actually wax. When the victim attempted to leave with the substance without paying, defendant fired a gun. Johnson, who heard the gunshot, turned around and saw the truck moving. He no longer saw defendant. The victim attempted to drive away, but only traveled about 150 feet before the truck struck other parked *876 vehicles and came to a halt. When Baton Rouge police officers arrived at the scene to investigate a purported accident, they discovered that the victim had actually been shot. The bullet went through the victim's elbow and into his chest area, fatally wounding the victim.
Later that night, Johnson saw defendant at a nightclub. Defendant told Johnson that he "popped someone." In his trial testimony, Johnson stated that defendant also mentioned that the shooting was an accident; however, Johnson admitted that he did not tell the investigating police about defendant's statement that the shooting was an accident.
The police did not find any substance in or near the victim's truck that appeared to be crack cocaine or wax. Nor did they find any money in the victim's wallet.
Eventually, defendant was arrested and gave a voluntary statement to police admitting that he had shot the victim. However, defendant, who was cooperative and remorseful, said that he did not know that a bullet was in the gun's chamber. He further claimed that the gun "just went off" and that he thought that it had fired into the air.
In his sole assignment of error, defendant contends that the evidence was insufficient to prove the element of specific intent. He further argues that the evidence only supports a conviction for manslaughter.[2]

ANALYSIS
The standard of review for the sufficiency of evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. La.Code Crim. P. art. 821; State v. Powell, 94-1390, p. 7 (La App. 1st Cir. 10/6/95), 671 So.2d 493, 498, writ denied, 95-2710 (La.2/9/96), 667 So.2d 529. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. This court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Powell, 94-1390 at p. 7, 671 So.2d at 498. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Powell, 94-1390 at p. 12, 671 So.2d at 500.
The definition of second degree murder applicable in this case is the killing of a human being "[w]hen the offender has a specific intent to kill or to inflict great bodily harm...." La. R.S. 14:30.1(A)(1). Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Specific intent may be proved by direct evidence, such as statements by the defendant, or by inference from circumstantial evidence, such as a defendant's actions or facts depicting the circumstances. State v. Powell, 94-1390 at p. 7-8, 671 So.2d at 498.
A specific intent to kill or inflict great bodily harm can be inferred from a shooting which occurs at a fairly close range. See La. R.S. 14:30.1(A)(1); State v. Powell, 94-1390 at p. 12, 671 So.2d at 500. Given that the victim was shot at close range, the jury certainly could have inferred *877 that the defendant had either the specific intent to kill or to inflict great bodily harm on the victim and that all the elements of second degree murder were present. Thus, having found the elements of second-degree murder, the jury then had to determine whether, under the circumstances, the crime was actually manslaughter. Louisiana Revised Statute 14:31(A)(1) provides:
Manslaughter is:
A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed....
The existence of "sudden passion" and "heat of blood" are not elements of the offense but are factors in the nature of mitigating circumstances that may reduce the grade of homicide. Provocation is a question of fact to be determined by the trier of fact. Thus, the issue remaining is whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the mitigatory factors were not established by a preponderance of the evidence. State v. Harris, 97-0537, p. 11 (La.App. 1st Cir.2/20/98), 708 So.2d 1169, 1176, writ denied, 98-0758 (La.9/4/98), 723 So.2d 434.
The guilty verdict demonstrates the jury obviously concluded that the victim's action in attempting to take the purported crack cocaine without paying for it was not sufficient provocation to deprive an average person of his self-control and cool reflection. Furthermore, there was no evidence or claim by defendant that the victim attempted to physically harm defendant or that the men argued before the shooting. Considering these facts, a rational trier of fact might well have concluded that the defendant acted with deliberation and reflection and not in the heat of passion at the time of the shooting. See State v. Harris, 97-0537 at p. 12, 708 So.2d at 1176.
A rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational fact-finder can, could have concluded the state proved beyond a reasonable doubt that defendant was guilty of second-degree murder, and that the mitigatory factors were not established by a preponderance of the evidence.
This assignment of error is without merit.

DECREE
For these reasons, the conviction of defendant, Shelton Cummings, is affirmed.
CONVICTION AFFIRMED.
NOTES
[1] Honorable Bruce M. Bolin, Twenty-sixth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In its brief, the state argues that because the prosecutor also argued defendant was guilty under the felony murder portion of the statute, the jury was not required to find the element of specific intent to kill. The state's counsel, however, overlooks the discussion on the record, after the closing arguments and prior to jury instructions, when the state indicated that it was no longer prosecuting under the felony murder doctrine.