829 So.2d 526 (2002)
STATE of Louisiana
v.
Kevin ALEXANDER.
No. 02-KA-427.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
*527 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alan D. Alario, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
Defendant, Kevin A. Alexander, was convicted of simple burglary of a 1979 Dodge van belonging to Paul Billiot, a violation of LSA-R.S.14:62, and he was sentenced to imprisonment at hard labor for 12 years. Pursuant to a multiple bill, the defendant was adjudicated a fourth felony offender. The original sentence was vacated, and defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals, alleging that the trial court erred in denying his motion to suppress the identification.

*528 ANALYSIS
A defendant who seeks to suppress an identification must prove both that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. State v. Prudholm, 446 So.2d 729, 738 (La.1984); State v. Payne, 00-1171 (La.App. 5 Cir. 12/13/00), 777 So.2d 555, 558-559, writ denied, 01-118 (La.11/21/01), 802 So.2d 626. Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). Even if the identification could be considered suggestive, it is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. State v. Thibodeaux, 98-1673 (La.9/8/99), 750 So.2d 916, 932, cert. denied, 99-8224 (La.5/15/00), 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000).
In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court set forth five factors to consider in determining if an identification is reliable: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the prior description of the criminal; 4) the level of certainty demonstrated at the confrontation; and, 5) the time between the crime and the confrontation. In evaluating the defendant's argument, the reviewing court may consider all pertinent evidence adduced at the trial, as well as at the hearing on the motion to suppress the identification. State v. Higgins, 01-368 (La.App. 5 Cir, 10/18/01), 800 So.2d 918; State v. Clennon, 98-1370 (La.App. 5 Cir. 6/30/99), 738 So.2d 161, 164. A trial court's determination of the admissibility of an identification should be accorded great weight and will not be disturbed on appeal unless the evidence reveals an abuse of discretion. State v. Clennon, supra.
One-on-one identifications, known as "show-up" identifications, are not favored; however, under certain circumstances, they are admissible at trial. State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/97), 694 So.2d 440, 447, writ denied, 97-1050, (La.10/13/97) 703 So.2d 609 and 97-1255, (La.10/13/97), 703 So.2d 612. Such identifications have been found to be admissible when the identification occurred in close proximity to the time of the offense and the suspect is presented for immediate identification. State v. Robinson, 404 So.2d 907, 909-910 (La.1981). Such a process assures reliability and fosters prompt release of innocent suspects. Id.
In the instant case, the testimony at the hearing on the motion to suppress identification and at trial reflects that, on January 21, 2001, at approximately 1:00 a.m., the witness, Mr. Ducote, who lived on Oak Street on the Westbank, was smoking a cigarette outside of his home when he heard a noise. Mr. Ducote looked in the direction of the home of his neighbor, Mr. Billiot, and observed a man standing next to his neighbor's van with a level in his hand, and that the van had a broken window. When Mr. Ducote asked the man what he was doing, the man asked Mr. Ducote what he was doing and then started running. Mr. Ducote chased him but could not catch him. Mr. Ducote informed another neighbor, a detective, what had transpired, and the detective called the police on his police radio, giving them a description of the perpetrator. Deputy Boudreaux, after interviewing Mr. Ducote, learned that the perpetrator was wearing a greenish color windbreaker and blue jeans, and he broadcasted that information *529 over his police radio. The record shows that Deputy Bonnette received a dispatch at approximately 1:00 a.m., that he went to a Westbank neighborhood near Michael Avenue which was four or five blocks away from Oak Street, and that he saw a black male carrying a level. Deputy Bonnette advised Deputy Boudreaux he had located a suspect less than five minutes after the clothing description was broadcast. Mr. Ducote was transported to that location where he positively identified defendant. He also positively identified defendant in court. Mr. Billiot testified that his van had been broken into, and that a level was missing from the van.
Following the hearing on the motion to suppress identification, the trial judge denied the motion stating that the identification of the defendant as the perpetrator was made shortly after the crime and that there were no suggestions made to the witness, who identified the defendant "of his own free will."
In this appeal, defendant argues that the trial court erred in denying his motion to suppress the identification. He contends that the identification was tainted, unreliable and prejudicial. Defendant claims that the description broadcast over the police radio was very generic in that the perpetrator was a black male, and that there was no description of the perpetrator's features, height or weight. He asserts that the police did not learn the perpetrator was wearing a green jacket and blue jeans until later on that night. Defendant further contends that too much time elapsed between the time the witness, Mr. Ducote, observed the perpetrator and the time he identified defendant as the perpetrator. He argues that the witness was shown only one suspect, and that when the witness was brought to the suspect to identify him, he observed a black male in handcuffs and he automatically assumed the black male was the perpetrator. Defendant notes that the witness did not see the defendant commit the crime.
The State responds that the trial court did not err in denying defendant's motion to suppress identification. The State contends that the witness got a good look at defendant when they exchanged words prior to the chase, that the description given by the witness was adequate, in that the witness described the perpetrator's clothing and identified him as a black male, that the time between the event and the identification was brief, in that the identification occurred only five minutes after the clothing description was broadcast, and that the witness made an unequivocal identification at the "show-up" identification and at trial.
We note that although the "showup" identification may be viewed as suggestive, because of its undue focus on defendant, defendant has failed to prove there was a substantial likelihood of misidentification as a result of the identification procedure. Prudholm, supra. The State negated the likelihood of misidentification by presenting evidence at the suppression hearing and at trial that satisfied a number of the Manson factors listed above. That evidence clearly indicated that Mr. Ducote had the opportunity to view the perpetrator and get a good look at him when they exchanged words prior to the chase. Mr. Ducote was very attentive to defendant's actions immediately after the commission of the crime, defendant fit the prior description of the perpetrator given by Mr. Ducote, in that he was a black male wearing a greenish windbreaker and blue jeans, and Mr. Ducote unequivocally identified defendant as the perpetrator shortly after the crime occurred and at trial. In addition, Mr. Ducote was not offered anything in exchange for the identification, he was not told *530 whom to identify, and he made the identification of his own free will.
Defendant further challenges the identification by noting that Mr. Ducote did not observe defendant burglarize Mr. Billiot's van. However, the evidence shows that Mr. Ducote heard a noise at 1:00 a.m., he saw defendant next to the broken glass of the van with a level in his hand, defendant ran from the scene, the deputy saw a black male walking with a level in his hand four or five blocks away from the scene, the van had been broken into and a level was missing from the van. Defendant also argues that the description broadcast over the radio was very generic; however, Mr. Ducote testified at the hearing on the motion to suppress identification that he gave a description of the suspect to the detective, and that he told the detective what defendant was wearing, as well as his height and weight.
Based on the foregoing, we find that there was not a substantial likelihood of misidentification with regard to the one-on-one identification procedure and, as such, the trial court did not err in denying defendant's motion to suppress identification.
The defendant also requests that this court review the record for errors patent. We have conducted a review in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), and find none which warrant our consideration.
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.