859 So.2d 690 (2003)
STATE of Louisiana
v.
Michael L. HARRIS.
No. 2002-KA-2434.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 2003.
Opinion Granting Rehearing in Part October 1, 2003.
*691 Lynda A. Torry, New Orleans, LA, for Defendant/Appellant.
Eddie J. Jordan, Jr., District Attorney, Leslie Parker Tullier, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS JR., and Judge LEON A. CANNIZZARO JR.).
*692 JOAN BERNARD ARMSTRONG, Judge.
STATEMENT OF THE CASE
The defendant, Michael Harris, was charged by bill of information on September 20, 2001, with second-degree murder in violation of La. R.S. 14:30.1. The defendant pleaded not guilty at his September 27, 2001, arraignment. After a trial on July 16, 17, and 18, 2002, a twelve-person jury found the defendant guilty as charged. On August 8, 2002, the defendant was sentenced to life imprisonment without the benefit of probation, parole or suspension of sentence. On that same date, the trial court granted the defendant's motion for appeal. The defendant now appeals raising two assignments of error.
STATEMENT OF THE FACTS
On January 9, 2000, Cordell North was shot as he exited a grocery store located on Whitney Avenue in Algiers.
Jonathan Bolar testified that as he was driving down Whitney Avenue he heard a gunshot. Mr. Bolar looked across the street in the direction of the grocery store when he saw the defendant exit the store behind the victim, pointing an automatic weapon in the victim's direction. Mr. Bolar further testified that when the victim fell to the ground the defendant stood over the victim and shot him three or four more times before running away from the scene. Mr. Bolar testified that as the defendant ran across Whitney Avenue he used his vehicle to try to block the defendant's path. Mr. Bolar was successful in stopping the defendant temporarily. Because Mr. Bolar moved his vehicle the defendant ran into his driver side door allowing Mr. Bolar the opportunity to see the defendant's face. Mr. Bolar testified that the defendant was wearing a dark colored or black hooded jacket, a baseball cap, black pants, and black sneakers. Mr. Bolar called 911 to report the crime and to tell the officers he had followed the defendant around the corner to a wooded overgrown area on Eric Street.
Kenneth Garrett, Sr. testified that he also witnessed the defendant shoot the victim. On the day of the murder Mr. Garrett was outside of his business, located across the street from the grocery store, when he heard gunshots. Mr. Garrett looked in the direction of the store, and he saw the defendant fire several shots while standing over the victim. Mr. Garrett further testified that just before the shooter ran away he and the shooter made direct eye contact for a few seconds. Mr. Garrett walked into his business and called 911 to report the crime. Mr. Garrett testified that he kept his eyes on the defendant as he telephoned the police until he ran out of sight toward Eric Street.
When the police arrived on the scene the defendant was apprehended after being found in a shed behind an uninhabited dwelling on Eric Street. Detective George Waguespack, of the New Orleans Police Department, testified that when the defendant was apprehended he was taken to Mr. Bolar who identified the defendant as the shooter. The police also recovered a dark colored hooded jacket and a glove in the area near the shed where the defendant was found.
ERRORS PATENT
A review of the record reveals there are no errors patent.
DISCUSSION
ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant contends that the evidence was insufficient to support his conviction for second-degree murder.
*693 When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984).
La. R.S. 14:30.1(A)(1) defines second-degree murder in part as the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or his failure to act. La. R.S. 14:10. Specific intent is a state of mind, and as such need not be proven as a fact but may be inferred from the circumstances of the situation and the actions of the defendant. State v. Brooks, 505 So.2d 714 (La.1987). Specific intent to kill or inflict great bodily harm can be inferred from a shooting which occurs at a fairly close range. State v. Cummings, 99-3000 (La.App. 1 Cir. 11/3/00), 771 So.2d 874. In the instant case, both Kenneth Garrett and Jonathan Bolar testified that they saw the defendant shoot the victim. Mr. Bolar further testified that he saw the defendant walk out of the store behind the victim, shoot him, and once the victim lay on the ground the defendant stood over the victim and fired several more shots. Mr. Garrett's testimony corroborated Mr. Bolar's testimony. The jury could have found from the evidence presented that the defendant possessed the specific intent to kill or inflict great bodily harm on the victim. Accordingly, we find that the evidence was clearly sufficient to support the defendant's conviction for second-degree murder.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error, the defendant contends that the out of court identification was suggestive and the in-court identification should have been suppressed because there was no independent basis for it.
A defendant who seeks to suppress an identification must prove both that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. State v. Prudholm, 446 So.2d 729, 738 (La.1984); State v. Payne, 00-1171 (La.App. 5 Cir. 12/13/00), 777 So.2d 555, 558-559, writ denied, 01-118 (La.11/21/01), 802 So.2d 626. Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). Even if the identification could be considered *694 suggestive, it is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. State v. Thibodeaux, 98-1673 (La.9/8/99), 750 So.2d 916, 932, cert. denied, 99-8224 (La.5/15/00), 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000).
State v. Alexander, 02-427 (La.App. 5 Cir. 9/30/02), 829 So.2d 526.
In Manson, supra, the U.S. Supreme Court set forth five factors to consider in determining if an identification is reliable: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the prior description of the criminal; 4) the level of certainty demonstrated at the confrontation; and 5) the time between the crime and the confrontation.
In evaluating the defendant's argument the reviewing court may consider all pertinent evidence adduced at the trial, as well as the hearing on the motion to suppress the identification. Alexander, supra. A trial court's determination of the admissibility of an identification should be accorded great weight and will not be disturbed on appeal unless the evidence reveals an abuse of discretion. State v. Clennon, 98-1370 (La.App. 5 Cir. 6/30/99), 738 So.2d 161. One-on-one identifications, known as "show-up" identifications, are not favored; however, under certain circumstances, they are admissible at trial. Such identifications have been found to be admissible when the identification occurred in close proximity to the time of the offense and the suspect is presented for immediate identification. State v. Robinson, 404 So.2d 907 (La.1981).
In the instant case, Jonathan Bolar testified that he saw the defendant shoot the victim from behind, as the victim lay on the ground. Mr. Bolar further testified that he followed the defendant to a nearby wooded area and continued to watch him until the police arrived. Once the police were on the scene, and the defendant was apprehended, Mr. Bolar identified the defendant as the person he saw shoot the victim. The defendant was wearing dark or black jeans and black sneakers just as Mr. Bolar had described. At the time of both the one-on-one identification and the in court identification Mr. Bolar was certain and did not hesitate to identify the defendant. Additionally, the one-on-one identification occurred on the same day as the shooting shortly after the defendant was apprehended. Therefore, the defendant has not shown that the out of court identification was suggestive and thus deprive him of his right to due process.
This assignment of error is without merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.

ON REHEARING
JOAN BERNARD ARMSTRONG, Judge.
This Court on its own motion hereby grants a rehearing in part to allow consideration of the third assignment of error raised in counsel's supplemental brief filed on March 10, 2003. The defendant, Michael Harris, was charged by bill of information on September 20, 2001, with second-degree murder in violation of La. R.S. 14:30.1. The defendant pleaded not guilty at his September 27, 2001, arraignment. After a trial on July 16, 17, and 18, 2002, a twelve-person jury found the defendant guilty as charged. On August 8, 2002, the defendant was sentenced to life imprisonment without the benefit of probation, parole *695 or suspension of sentence. This Court affirmed the defendant's conviction and sentence. State v. Harris, 2002-2434 (La.App. 4 Cir. 5/28/03), 859 So.2d 690, 2003 WL 21299831. The facts and evidence presented at trial are set forth in Harris, supra, at pp. 1-2, 859 So.2d at 692.
We turn now to address the defendant's assignment of error number three.
ASSIGNMENT OF ERROR NUMBER 3
In his third assignment of error, the defendant complains he was denied his right to effective assistance of counsel. Specifically, the defendant argues that trial counsel should have moved for a mistrial or objected to the identification testimony given by Detective George Waguespack.
The Louisiana Supreme Court in State v. Brooks, 505 So.2d 714, 724 (La.1987) citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) stated that hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful.
This court in State v. Jason, 99-2551 (La.App. 4 Cir. 12/6/00), 779 So.2d 865, 871 citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), stated that the claim of ineffective assistance of counsel is to be assessed by the two-part test of Strickland. The defendant must show that his counsel's performance was deficient and that the deficiency prejudiced him. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Jason, id. Counsel's deficient performance will have prejudiced the defendant if he can show that the errors were so serious as to deprive him of a fair trial. To carry this burden, the defendant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Jason, id., citing Strickland, id.
Appellate counsel argues that the defendant received ineffective assistance of counsel because trial counsel did not object or move for mistrial during the testimony of Detective Waguespack. Appellate counsel notes the detective testified that eyewitness Jonathan Bolar made a one-on of the defendant on the scene, but the witness did not mention the identification in his testimony. Appellate counsel argues that this false testimony unduly prejudiced the defendant because it bolstered Mr. Bolar's identification of the defendant, and thus trial counsel should have moved for a mistrial or at least objected to this testimony.
As discussed in the previous assignment, Mr. Bolar was certain of his identification of the defendant as the perpetrator. He testified he followed the defendant, watched where the defendant hid, told the responding officers where the defendant was hidden, and remained on the scene until the officers had captured the defendant. Therefore, even if the detective had been mistaken about a one-on-one identification when the defendant was captured, the defendant cannot show undue prejudice by counsel's failure to object to the testimony about the supposed one-on-one identification because Mr. Bolar's identification was not suggestive under the Manson v. Brathwaite factors. Given the facts of this case, Mr. Bolar's identification was sufficient, in the absence of the detective's testimony about the one-on-one identification, *696 to prove the defendant was the perpetrator of the crime.
This assignment of error is without merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed; the defendant's third assignment of error is without merit.
AFFIRMED ON REHEARING.
TOBIAS, J., Concurs and Assigns Reasons.
On 28 May 2003, we issued our opinion in this case. On that day, the defendant filed a "Motion for Leave of Court to File Pro Se Supplemental Brief." I understand this motion to be in the nature of an application for rehearing and treat it as such, for the failure to do so would preclude this court from reviewing the defendant's third assignment of error that we did not address in our original opinion.[1]
I agree with the reasons assigned by the majority in addressing the third assignment of error.
NOTES
[1] If we do not treat the motion as an application for rehearing, I am unaware of a procedural method by which we could consider the third assignment unless and until the Supreme Court remanded the matter for this court to address the assignment.