JjLEON A. CANNIZZARO, JR., Judge.
Defendants Zade Felton and Christopher Francois were charged by bill of information with armed robbery and armed robbery with a firearm, violations of La. R.S. 14:64 and 14:64.3. Both defendants pled not guilty. Each defendant later withdrew his guilty plea and pled guilty to one count of armed robbery pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s denial of his motion to suppress the identification made against him. Defendant Felton waived the delays in sentencing and the trial court sentenced him to ten years at hard labor in the Department of Corrections without the benefit of probation, parole or suspension of sentence. Defendant Francois also waived all delays in sentencing and the trial court sentenced him to ten years at hard labor in the Department of Corrections without the benefit of probation, parole and suspension of sentence. The trial court also recommended that both defendants participate in the About Face Program in the Orleans Parish Prison pursuant to La. R.S. 15:574.5. The trial court granted the defendants’ motions for appeal.
^STATEMENT OF FACTS
On the evening of April 10, 2002, Mia Owens was parking her black Pontiac Grand Am in front of her residence at 2714 South Johnson Street when her son Donovan Owens, a guest passenger, noticed two males wearing red t-shirts and dark pants walk past the vehicle. The two men stopped at a nearby tree, placed bandanas on their faces, and returned to the Grand Am brandishing handguns. They demanded that Ms. Owens and her son exit the vehicle and told Ms. Owens to leave behind her purse, cellular phone, and keys. Donovan exited the car and ran inside a nearby house. Ms. Owens threw her keys on the floorboard, exited the vehicle, and called the police to report the robbery immediately after the two men drove away in her vehicle.
Detective Ray Jones, of the New Orleans Police Department, testified that on April 10, 2002, he responded to a call about a carjacking. After receiving a description of the stolen vehicle, Detective Jones canvassed the area around the Calliope Housing Development and located a vehicle fitting its description parked in a driveway in the 1100 block of South Galvez Street. Detective Jones drove past the vehicle to verify the license plate number. Once the detective determined he had found the stolen vehicle he set up surveillance to see if someone would return to it. After about ten minutes two males, later identified as the defendants, entered the vehicle and drove away. As the defendants exited the driveway, a marked police unit attempted to stop the defendants who sped off in an attempt to elude the officers.
The officers in the marked vehicle radioed their superiors for permission to chase the defendants. As the officers sought permission to 1 ¡¡pursue the defendants, the defendants crashed the stolen vehicle into a parked car. The defendants were apprehended.
The police brought Ms. Owens and Donovan to the scene of the accident to possi *819 bly identify the defendants as the persons responsible for stealing her vehicle. Ms. Owens was unable to identify the defendants because they wore bandanas over their faces. Donovan, however, positively identified the defendants as the two men who stole his mother’s vehicle because he saw the men without bandanas when they walked past the vehicle while his mother was trying to park. Donovan also told the police that defendant Felton was not wearing the same t-shirt he wore during the robbery. Donovan was able to identify one of the weapons found in his mother’s vehicle as one used by the defendants. Ms. Owens’ cellular phone was found in defendant Felton’s pants pocket during a search of his residence.
ASSIGNMENT OF ERROR NUMBER 1
The defendants complain the trial court erred in denying the motion to suppress the identification. Specifically, the defendants argue the identification of the defendants on the scene by Donovan Owens was suggestive, violating their due process rights.
A defendant who seeks to suppress an identification must prove both that the identification itself was suggestive and that there was a likelihood of misidenti-fieation as a result of the identification procedure. State v. Prudholm, 446 So.2d 729, 738 (La.1984); State v. Payne, 00-1171 (La.App. 5 Cir. 12/13/00), 777 So.2d 555, 558-559, writ denied, 01-118 (La.11/12/01), 802 So.2d 626. Fairness is the standard of review for identification procedures, and reliability, is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 2253,53 L.Ed.2d 140 (1977). Even if the identification could be suggestive, it is the likelihood of misidentifi-cation which violates due process, not merely the suggestive identification procedure. State v. Thibodeaux, 98-1673 (La.9/8/99), 750 So.2d 916, 932, cert. denied, 99-8224 (La.5/15/00), 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000).
State v. Alexander, 02-427, pp. 2-3 (La.App. 5 Cir. 9/30/02), 829 So.2d 526, 528.
In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977), the U.S. Supreme Court set forth five factors to consider in determining if an identification is reliable: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation.
In evaluating the defendants’ argument, this court will consider all pertinent evidence adduced at the hearing on the motion to suppress the identification. A trial court’s determination of the admissibility of an identification should be accorded great weight and will not be disturbed on appeal unless the evidence reveals an abuse of discretion. State v. Clennon, 98-1370, p. 5 (La.App. 5 Cir. 6/30/99), 738 So.2d 161, 163-164. One-on-one identifications, also known as “show-up” identifications, are not favored; however, under certain circumstances, they are admissible at trial. Alexander, supra at p. 4, 829 So.2d at 528. Such identifications have been found to be admissible when the identification occurred in close proximity to the time of the offense and the suspect is presented for immediate identification. State v. Robinson, 404 So.2d 907 (La.1981).
In the instant ease, Donovan Owens viewed the defendants during the commission of the robbery and gave an accurate description of their | ^clothing. He testified that he saw the defendants without masks walk past his mother’s vehicle. He saw *820 their faces and noticed the red t-shirts and dark pants they were wearing. Donovan observed the defendants stop by a nearby tree, place bandanas over their faces, and return to his mother’s vehicle holding guns. Donovan did not hesitate when, shortly after the robbery, he identified the defendants on the scene of the auto accident in which they were involved while using the stolen vehicle. The record reflects that the identification took place less than one hour after the defendants’ stole Ms. Owens’ vehicle. In addition to identifying one of the handguns used in the carjacking, Donovan was certain that one of the defendants was no longer wearing the same clothing worn during the robbery. Therefore, the out of court identification was not suggestive and thus did not deprive the defendants of their due process rights. This assignment of error is without merit.
ERRORS PATENT/ASSIGNMENT OF ERROR NUMBER 2
Appellant Francois complains that the trial court failed to rule on his motion to reconsider the sentence.
The record reflects that Francois’ counsel made an oral motion to reconsider the sentence after Francois pled guilty and the trial court imposed the ten-year sentence. Two days later defense counsel also filed a written motion to reconsider the sentence. The record further reflects that the district court signed an order reducing Francois’ sentence on February 14, 2003. The record, however, contains no minute entry dated February 14, 2003 or anything else to indicate that the ten-year sentence originally imposed was reduced.
| r,The trial court’s failure to rule on the appellant’s motion to reconsider a sentence provides a basis for remanding the matter to the trial court. See State v. Dorsey, 2002-0692 (La.App. 4 Cir. 10/09/02), 830 So.2d 347. In Dorsey, this Court refused to consider the defendant’s claim of excessiveness of sentence because the trial court failed to rule on his motion to reconsider the sentence. In this case, defendant Francois did not raise an excessive sentence claim and the ten-year sentence imposed by the trial court is the minimum sentence allowed for a conviction under La. R.S. 14:64. Even if the defendant participates in and completes the About Face Program prior to serving his full sentence, he must still serve the remainder of the imposed sentence. Thus, for purposes of this appeal and in the interest of judicial economy, defendant Francois’ motion to reconsider his sentence is denied.
CONCLUSION
Accordingly, for the reasons stated herein, the defendants’ convictions and sentences are affirmed.
AFFIRMED.
TOBIAS, J., dissents in part and assigns reasons.