JjGASKINS, J.
The defendant, Bruce Farrar, appeals his conviction of indecent behavior with a juvenile, claiming there was insufficient evidence upon which to base his conviction. For the following reasons, we affirm the conviction and sentence.
FACTS
On June 27, 2001, the five-year-old victim was living with her mother and older sister in Shreveport. The defendant rode by their house on his bicycle as the child’s mother was standing in the driveway, trying to get her van started. The defendant offered to help. The mother declined the offer, but talked briefly with the defendant. She stated that the defendant smelled of alcohol and offered to marry her. The mother declined that offer as well.
Later that evening, the defendant knocked on the door of the house, holding one of the family’s kittens. The victim let *1162 him in. The mother was engaged in a telephone conversation and was shocked that the defendant walked into the house. She told the victim to put the cat in the back yard and continued talking on the phone.
The victim and the defendant went into the back yard. About five minutes later the victim came back into the house extremely upset. She told her mother that the defendant held her on his lap and exposed himself to her. He offered her bubble gum in exchange for oral sex. The child managed to get away from the defendant.
The mother immediately called the police and reported the incident. The defendant had left the scene by the time they arrived. However, the next day, he returned to the house and asked the victim’s mother if there | ¿were any jobs around the house he could do. She told him that she was on the phone and to wait. She called the police. The defendant was still waiting outside when the police arrived. He was arrested and charged with indecent behavior with a juvenile.
The child was interviewed twice by the police and the interviews were videotaped. The defendant also gave a statement to the police, denying the incident. The defendant waived his right to a trial by jury.
A bench trial was conducted on May 7, 2002. Following the presentation of the evidence, the trial court found the defendant guilty as charged. On May 9, 2002, the defendant was sentenced to serve three years at hard labor, with credit for time served. He was also ordered to register as a sex offender. He now appeals.
SUFFICIENCY OF THE EVIDENCE
On appeal, the defendant attacks his conviction, arguing that there was insufficient evidence to support the verdict of indecent behavior with a juvenile.[1] He argues that the victim was not able to identify him in court as the perpetrator. He also argues that the state failed to show that the exposure was done with the intent to arouse or gratify sexual desires. We find that these arguments are without merit.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most lafavorable to the prosecution, any trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hunter, 33,066 (La.App.2d Cir.9/27/00), 768 So.2d 687, writs denied, 2000-3070 (La. 10/26/01), 799 So.2d 1150, 2001-2087 (La.4/19/02), 813 So.2d 424.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ *1163 denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. George, 34,621 (La.App.2d Cir.4/4/01), 785 So.2d 975. A reviewing court accords great deference to a judge or jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La. App.2d Cir.8/30/02), 827 So.2d 508. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the | ^credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writs denied, 96-1459 (La.11/15/96), 682 So.2d 760,1998-0282 (La.6/26/98), 719 So.2d 1048.
In order to convict a defendant of indecent behavior with a juvenile, the state must prove that the defendant: (1) committed any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen; (2) was over the age of seventeen and more than two years older than the victim; and (3) had the intention of arousing or gratifying the sexual desires of either person. La. R.S. 14:81; State v. Free, 26,267 (La.App.2d Cir.9/21/94), 643 So.2d 767, writ denied, 94-2846 (La.3/10/95), 650 So.2d 1175.
On the day the defendant was arrested, the victim was taken to the Gingerbread House Children’s Advocacy Center where she was interviewed by Paula Langford Vasquez, a Shreveport Police Department officer in the sex crimes unit. Officer Vasquez had extensive training and experience interviewing abused children. The child was interviewed out of the presence of the mother. Officer Vasquez said that the child was relaxed during the interview. The videotaped interview was introduced into evidence at trial.
|BIn this interview, the victim stated that the man went into the back yard with her and exposed himself to her. She described his genitalia as “long and pink.” When shown an anatomically correct drawing of a male, the child correctly circled the genitalia as the area she had seen. The child described the man as having on blue jeans and underwear, and that he unzipped the blue jeans to expose himself. The child stated that the man pulled her onto his lap and told her that if she would “suck on this and I’ll give you some bubble gum.” The child said that she then screamed and ran to her mother to tell her to call the cops.
Some time later, the child said that the defendant also touched her. The child said that she forgot to tell them about that. The child then gave another videotaped interview which was also admitted at trial.
The victim was five years old at the time of the offense and six years old at the time of the trial. She appeared and testified in conformity with her videotaped police interview that, while putting a family cat in the back yard, the defendant exposed himself to her and offered her bubble gum in exchange for oral sex. At trial, she said that the defendant did not touch her private parts. She was not able to identify the defendant in the courtroom.
The victim’s mother testified that she talked to the defendant in her driveway on the day of the offense. She stated that later in the day, the defendant entered the house, holding one of the family cats. The *1164 victim’s mother stated that the victim went into the back yard and very shortly reentered the house, extremely upset. At that time, the victim reported the offense in graphic detail and identified the defendant as the perpetrator. [fi According to the witness, within a week or two of the incident, the child began exhibiting inappropriate behavior. Since the offense, the child has been in counseling at Gingerbread House. The mother identified the defendant as the man who went into the back yard with her daughter just prior to the offense.
The defendant gave a tape-recorded statement to police which was introduced into evidence. The defendant indicated that he was 39 years old. He admitted stopping at the victim’s house and offering to help with the mother’s van. He denied any inappropriate behavior with the child. He claimed that after he left the victim’s house, he went to a local fast food restaurant for a meal and then went home. The security cameras in the restaurant were not functional and there was no corroboration of the defendant’s story.
In arguing that there was insufficient evidence to convict in this case, the defendant points out that the victim was not able to identify him at trial. He maintains that there is no independent evidence of the commission of the offense and that the victim’s testimony was contradictory and not reconcilable with statements she gave in police interviews.
The trial was more than one year after the offense and the victim was a young child. The defendant was not someone that the victim knew well or saw often. Under these circumstances, the victim’s inability to identify the defendant in court goes to the weight of the testimony.
It is significant that the testimony of the victim’s mother corroborated the victim’s testimony that the defendant entered the house and was alone 17with the child immediately before the child reported the offense. These facts are also corroborated by the defendant’s own statements during the investigation of this offense. The victim contemporaneously reported to her mother that the defendant committed the offense. Her identification of the defendant at the time of the offense was unequivocal.
Under these circumstances, the failure of this young child to recognize the defendant in the court room after the passage of a significant period of time is not sufficient to void the conviction. It was within the discretion of the trial court to accept the victim’s testimony without a positive identification in court of the defendant by the victim. See State v. Stokes, 2001-2564 (La.9/20/02), 829 So.2d 1009.
The defendant argues that the evidence fails to establish that any exposure of his genitalia was for sexual gratification. He claims that perhaps the display could have been from him urinating. However, the defendant never contended that he urinated while in the back yard with the child. The child stated that the defendant was holding his “privates” which were “long and pink” while forcefully holding her on his lap and soliciting oral sex in exchange for bubble gum.
The victim described the offense in sufficient detail so as to rule out any possibility that the defendant’s actions were misconstrued. The child gave statements regarding sexual matters that no five-year-old would have known without having been exposed to such things. The child described the male anatomy and a solicitation for oral sex. At the time the victim claimed the offense occurred, she was visibly upset.
I ¡¡In this case, the evidence was sufficient to show that the defendant was the person who committed the offense. Also, the evidence is sufficient to establish all the elements of the offense. The defendant’s ar *1165 gument that there is insufficient evidence to convict him of this offense is without merit.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Bruce Farrar.
AFFIRMED.

. Although the record does not reflect that the defendant filed a motion for post-verdict judgment of acquittal, pursuant to La.C.Cr.P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.