STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-493

STATE OF LOUISIANA

VERSUS

TROY EDWARD DELOZIER

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 313,407
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.

AFFIRMED.

James C. Downs
District Attorney
Thomas R. Willson
Assistant District Attorney
Sheryl L. Laing
Assistant District Attorney
Post Office Drawer 1472
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward J. Marquet**
**Louisiana Appellant Project**
**Post Office Box 53733**
**Lafayette, LA   70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Troy Edward Delozier**

**AMY, Judge.**

The defendant herein was charged with two counts of aggravated rape and one count of indecent behavior with juveniles. After a trial, he was found guilty on all three counts. For the two counts of aggravated rape, the trial court imposed sentences of life imprisonment at hard labor on each count, without benefit of parole, probation, or suspension of sentence. For the count of indecent behavior with juveniles, the trial court imposed a sentence of ten years at hard labor, with two years to be served without benefit of parole, probation, or suspension of sentence. The trial court ordered that the sentences be served consecutively. The defendant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

The victim, K.G.,[1] who was under the age of 13, reported that the defendant, Troy Edward Delozier,[2] made K.G. perform oral sex on the defendant on more than one occasion and that the defendant touched K.G.'s penis. Thereafter, the defendant was indicted for two counts of aggravated rape, violations of La.R.S. 14:42, and one count of indecent behavior with juveniles, a violation of La.R.S. 14:81(H)(2).[3]

After a trial, a jury returned guilty verdicts as to all three counts of the indictment. At the sentencing hearing, for the two counts of aggravated rape, the trial court imposed sentences of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court imposed a sentence of

---

[1] Pursuant to La.R.S. 46:1844(W), the victim's initials are used to protect his identity.

[2] We observe that, in some documents in the record, the defendant capitalizes his last name as "DeLozier."

[3] The indictment references La.R.S. 14:81(H)(2), which contains the enhanced sentencing provisions for crimes involving victims under the age of thirteen. At trial, the State presented its theory of the case pursuant to the provisions of La.R.S. 14:81(A)(1).

ten years at hard labor for the count of indecent behavior with juveniles, with two years to be served without benefit of parole, probation, or suspension of sentence. The trial court ordered that the sentences be served consecutively and that, should the defendant ever be released, he would have to register as a sex offender.

The defendant appeals, asserting that the evidence was insufficient to support his conviction because K.G. did not identify him at trial.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews the record for errors patent on the face of the record. Having performed such a review, we find no errors requiring action by this court.

*Sufficiency of the Evidence*

The defendant contends that the State failed to introduce testimony by the victim identifying the defendant as the perpetrator. This argument essentially contests the sufficiency of the evidence to support the defendant's conviction. In *State v. Lively*, 13-883, pp. 8-9 (La.App. 3 Cir. 2/12/14), __ So.3d __, __, a panel of this court reiterated the appellate review of sufficiency of the evidence claims, stating:

> The standard of review in a sufficiency of the evidence claim is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged." *State v. Leger*, 05-11, p. 91 (La. 7/10/06), 936 So.2d 108, 170, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676 (La.1984)). The *Jackson* standard of review is now legislatively embodied in La.Code Crim.P. art. 821. It does not allow the appellate court "to substitute its own appreciation of the evidence for that of the fact-finder." *State v. Pigford*, 05-477, p. 6 (La. 2/22/06), 922 So.2d 517,

521 (citing *State v. Robertson*, 96-1048 (La. 10/4/96), 680 So.2d 1165; *State v. Lubrano*, 563 So.2d 847 (La.1990)). The appellate court's function is not to assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So.2d 442.

> The factfinder's role is to weigh the credibility of witnesses. *State v. Ryan*, 07-504 (La.App. 3 Cir. 11/7/07), 969 So.2d 1268. Thus, other than insuring the sufficiency evaluation standard of *Jackson*, "the appellate court should not second-guess the credibility determination of the trier of fact[,]" but rather, it should defer to the rational credibility and evidentiary determinations of the jury. *Id.* at 1270 (quoting *State v. Lambert*, 97-64 (La.App. 3 Cir. 9/30/98), 720 So.2d 724).

Additionally, where the key issue is not whether the crime occurred but whether the defendant is the perpetrator, the State is "required to negate any reasonable probability of misidentification." *State v. Hughes*, 05-992, p. 5 (La. 11/29/06), 943 So.2d 1047, 1051.

> Rape is defined in La.R.S. 14:41 as:

> A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.

> B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.

> C. For purposes of this Subpart, "oral sexual intercourse" means the intentional engaging in any of the following acts with another person:

> (1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.

> (2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

As relevant to the charges herein, aggravated rape is defined as:

> Aggravated rape is a rape . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

. . .

(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

La.R.S. 14:42(A). Additionally, as relevant herein, indecent behavior with juveniles is defined in La.R.S. 14:81(A) as:

A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:

(1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense[.]

The defendant bases his argument on both the victim's failure to identify the defendant as the perpetrator in court and the lack of any pre-trial identification, such as a photo line-up. In *State v. Lampkin*, 12-391 (La.App. 5 Cir. 5/16/13), 119 So.3d 158, *writ denied*, 13-2303 (La. 5/23/14), 140 So.3d 717, the defendant was charged with aggravated rape and indecent behavior with juveniles in connection with the rape of a ten-year-old girl. At trial, the victim did not identify the defendant as the perpetrator in court, testifying that she didn't see him because she was scared. The fifth circuit found that "[i]n view of this testimony, it would have been reasonable for the jury to conclude that R.D.'s failure to identify defendant as the perpetrator was a result of fear and not an ability to identify." *Id.* at 165. Further, the victim had earlier identified the defendant in a photo line-up. *See also State v. Farrar*, 36,764 (La.App. 2 Cir. 1/29/03), 836 So.2d 1161 (finding that the young victim's inability to identify the defendant in court insufficient to void the defendant's conviction), *writ denied*, 03-2323 (La. 8/20/04), 882 So.2d 578.

The record reveals that, at trial, the following colloquy occurred between the prosecutor and K.G.:

4

Q. Okay. Ah, do you see Mr. Troy Delozier here today?

A. No. He is a little hard to spot anywheres (sic).

Q. Okay. You … but he's in the courtroom?

A. Yes ma'am.

Q. Okay. Can you point at him for me?

A. No, I can't see 'im.

Q. Okay. Ahm, how's, how long's it been since you've seen him?

A. In two years or one.

Q. Okay.

A. Two to one years.

Q. Okay. When, what grade were you in when you last saw 'im?

A. Fourth.

Q. Okay. The beginning or end of fourth grade.

A. Somewhere in the middle.

Q. Okay. Sometime during your fourth grade year?

A. Yes.

Q. Ahm, [K.G.], I notice ... And I'm, and I want you to tell us, I know you have, you've had trouble with your eyes in the past. Can you tell us, I know you were little when, when something was done, can you tell us a little bit about that?

A. Ah, all I remember was this little machine.

Q. Okay. Do you have to wear any glasses or anything now?

A. No, not most of the time.

Q. You do sometimes?

A. Yes.

Other testimony indicated that K.G. was born with an eye disorder, and had previously had surgery to try to correct it. There was testimony that K.G. was nearsighted and wore glasses, although he frequently lost them and did not have his glasses at trial. Further, there was testimony that the defendant's appearance

5

had changed since the last time that K.G. saw him, most notably that he had lost approximately sixty to seventy pounds. In light of this testimony, the jury could reasonably conclude that K.G.'s failure to identify the defendant in court was not because he could not identify the defendant as the perpetrator, but because of K.G.'s eyesight issues and the defendant's change in appearance.

Reviewing the evidence in the light most favorable to the prosecution, our review of the record reveals evidence sufficient that any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of aggravated rape and indecent behavior with juveniles. The testimony of the victim alone is sufficient to establish the elements of a sexual offense. *State v. Pitts*, 11-1020 (La.App. 3 Cir. 4/4/12), 87 So.3d 306, *writ denied*, 12-980 (La. 10/26/12), 99 So.3d 639. K.G.'s testimony was that his father used to live with Troy Delozier, who was his great-uncle. K.G. testified that Troy "had made me suck his private parts" on several occasions and that Troy showed him a website called "red too."[4] K.G.'s birth certificate, which showed that he was under the age of 13, was submitted into evidence, and the defendant stipulated that he was fifty-one years old.

The video of K.G.'s interview at the Children's Advocacy Center was played for the jury, and K.G.'s in-court testimony was consistent with his interview. K.G. also stated in the interview that Troy had touched K.G.'s penis on one occasion. Further, K.G.'s mother and father testified that K.G.'s father lived with Troy Delozier and that both K.G.'s father and K.G. referred to Mr. Delozier as "Uncle Troy." Although it is not clear from the record whether K.G.'s mother

---

[4] In the transcript from K.G.'s Children's Advocacy Center, the website is referred to as "red 2."

6

and father specifically identified the defendant as Troy Delozier or "Uncle Troy," K.G.'s mother stated that she recognized him in the courtroom and could identify him, and K.G.'s father discussed his appearance. Additionally, a neighbor testified that she saw Mr. Delozier in the courtroom and that he was "[s]itting right over there wearing a striped shirt." Further, Lieutenant Mark Rogers with the Rapides Parish Sheriff's Office was accepted as an expert in computer forensics. Lieutenant Rogers testified that the defendant's laptop history showed entries for "redtube," which, according to his explanation, is a website that contains pornographic materials.

This evidence is sufficient such that a rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of aggravated rape and indecent behavior with juveniles. Accordingly, we find no merit to the defendant's assignment of error.

## DECREE

For the foregoing reasons, the convictions of the defendant, Troy Edward Delozier, for aggravated rape and indecent behavior with juveniles are affirmed.

**AFFIRMED.**